## JACKSON, *ex dem.* SCHUYLER, *against* CORLISS.

THIS was an action of ejectment for lands in Lot No. 33. in the *Saratoga* patent. The cause was tried at the *Washington* circuit, in *June*, 1810, before Mr. Justice *Van Ness.*

A lease was proved, dated the 8th *December*, 1795, by which *Philip Schuyler*, under whom the lessor of the plaintiff claimed, demised the premises to *Oliver Warren*, for 21 years, from the 1st *January*, 1796. The lease contained a reservation, covenant and proviso, as follows: " And the said lessor for himself doth also save and reserve the one equal fourth part of all moneys arising, or that may arise, by, or from the selling, renting, setting over or assigning, or any how disposing of the premises hereby leased, or any part or parcel thereof, by the said lessee, his heirs, executors, administrators and assigns, and when, and as often, and every time, the same shall be sold, rented, set over, assigned, or otherwise disposed of; and the said lessee, for himself, &c. doth also covenant, promise, &c. that whenever he or they shall incline, or be by law, or otherwise, obliged to sell, rent, set over, assign, or otherwise to

A lessor reserved one quarter of the money arising from every letting, assigning or disposing of the premises by the lessee, who covenanted, that whenever he should incline, or be by law, or otherwise, obliged to sell, &c. he would make the first offer to the lessor, giving him notice of the price, &c. and it was provided that every sale, renting, &c. should be void, and the premises revert to the lessor, unless the seller or purchaser should pay the lessor, the one fourth of the money offered, &c. The tenant holding under the lease, confessed a judgment, on which an execution issued and the lease was sold by the sheriff. This was held not to be a breach of the covenant or condition in the lease; the judgment not having been confessed fraudulently, or for the purpose of enabling the creditor to take the lease and execution under the judgment, and with a view to defeat the lessor's right to the one fourth of the money offered, under the covenant.

dispose of his, or their interest in the premises, or in any part or parcel thereof, that then, and in that case, he or they, or some or one of them, shall make the first offer thereof unto the lessor, his heirs, &c. notifying and declaring in writing what he or they will take for the same ; and if the said lessor, his heirs, &c. do not take it at the price required for the same, after deductiug therefrom the one equal fourth part, as above reserved, together with any arrears of rent, which may be then due, that then he or they, shall within twenty-one days from the time of such notice being actually so given, and on the further application of the said lessee, his heirs, &c. grant a permit to him or them, to sell, assign, or rent their interest in the premises. *Provided always*, that every sale, renting, or otherwise disposing of the premises, or any part or parcel thereof, shall be void, and to all intents and purposes of no effect,. and the premises revert to the lessor, his heirs, &c. such permit, or any thing therein contained notwithstanding, unless the seller or purchaser shall well and truly pay unto the lessor, his heirs, &c. .the one equal fourth part of the money it shall so be offered for, as aforesaid."—The plaintiff proved that the defendant held the premises by purchase under the lease. It was then shown that the defendant came into possession by a purchase made at public auction, under an execution issued on a judgment in this court, confessed by *John Corliss*, the father of the defendant, in favour of the defendant, for 5,500 dollars debt, and 13 dollars and 7 cents costs, signed the 2d *October*, 1805. Exemplifications of the judgment and execution were produced. The sheriff was directed to levy 2,500 dollars of debt, and 16 dollars costs; and the sheriff returned on the *fieri facias*, that he had made the sum of 1,483 dollars, and that for the residue of the debt, the defendant in this cause accepted the note of the defendant in the execution, in full satisfaction thereof: And it was proved that *John Cor-*

*liss* was discharged under the insolvent act, the 8th *March*, 1806, and the present defendant was a petitioning creditor, and made oath, on the 30th *December*, 1805, that the insolvent owed him 1,086 dollars and 40 cents ; another son of the insolvent was a petitioning creditor for 1,175 dollars, and his son-in-law was also a petitioning creditor for 1,280 dollars.

The plaintiff then produced witnesses, in order to prove that the judgment was confessed by *John Corliss* fraudulently, and for the purposes of defeating the covenant and condition in the lease. After the evidence on both sides was closed, the judge, after stating or commenting on the evidence, directed the jury that they must find a verdict for the plaintiff, subject to the opinion of the court as to the construction of the covenant for quarter sales; ,and the only question of fact for the jury to determine was, whether the judgment confessed by *John Corliss* was fraudulent or not; and that they must, in delivering their verdict, say it was fraudulent, or not, as they found the fact to be. The jury found a verdict for the plaintiff for 6 cents damages, subject to the opinion of the court, as to the construction of the covenant; and they also found that the judgment confessed by *John Corliss* was not fraudulent.

A motion was made to set aside the verdict and for a new trial.

*Wendell*, for the plaintiff, contended that the covenant not to assign without the permission of the lessor was legal and proper.* Admitting that the defendant came into possession, under the sale, and that the judgment was not fraudulent, still the lease was forfeited; for the confession of the judgment was a voluntary act, and only another mode of transferring or disposing of the property. In *Doe* v. *Carter*,† where the jury found the fact that the warrant to confess judgment was given for the purpose of disposing of the property ;

* *Woodfull*, 314.
340   2   *Term.
Rep.* 184, 137.

† 8 *Term Rep* 500.

ALBANY,
Feb. 1811.

JACKSON
v.
CORLISS.

* 2 *East,* 481.

it was held to be in fraud of the covenant, and the lessor might re-enter, under the clause of re-entry, for breach of the condition, and might recover the premises in ejectment, from a purchaser at a sheriff's sale. The same doctrine was laid down in *Doe* v. *Hawke.** But whether the confession was voluntary or not, the tenant was bound to give notice to the landlord; and there being no notice in this case, there was a breach of the condition, by which the lease became forfeited.

*Z. R. Shepherd*, contra, contended that the construction of the lease ought to be strict, so as to prevent a forfeiture.† The defendant did not sell the premises, nor was there any *offer* made to him to purchase; and the landlord is entitled only to *a fourth* part of the money *offered* to be paid. No *notice* of an *offer* could be made; for no offer existed. The sale under the execution is a sale by act of law, not by the party. It is a compulsory sale.

The covenant is void, for it can never be performed; it is against public policy, and ought not to be supported.

† *Cowp.* 243.
247. *Woodfall,*
203.

*Per Curiam.* A sale of the premises under a judgment confessed by the defendant was no forfeiture of the lease, under the covenant and proviso stated in the case, unless the judgment was fraudulently confessed, with a view to defeat the lessor's reservation of one fourth of the money offered. The jury have decided the question of fraud in favour of the defendant. The covenant only applied to voluntary sales, by the lessee. The case of *Doe, ex dem. Mitchinsen*, v. *Carter* (8 *Term Rep.* 57.) is in point. The subsequent decision on that case, (8 *Term Rep.* 300.) was founded expressly on the fact of fraud in confessing a judgment, for the purpose of enabling the creditor to possess the lease. There must be judgment for the defendant.