JACKSON, ex dem. LIVINGSTONS, *vs.* KIPP.

Where there is a condition of re-entry reserved in a lease for non-payment of rent, the reversioner is not entitled to re-enter without shewing a compliance with the requirements of the *common* law, such as a demand, &c. or that by statute, he is entitled to re-enter, for the want of sufficient property on the premises countervailing the rent.

A sale under an execution does not entitle the reversioner to demand a fifth of the consideration money under a covenant, that on every sale or assignment such proportion of the purchase money shall be paid to him, if it be bona fide an adversary proceeding on the part of the creditor, and not collusive with intent to defeat the condition in the lease.

THIS was an action of ejectment, tried at the Columbia circuit in April, 1827, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The lessors of the plaintiff claimed to recover a farm for breach of *conditions* contained in an unexpired lease for lives of the premises, bearing date in 1795, executed by the ancestor of the lessors of the plaintiff to the father of the defendant, and under which he claimed title. The condition relied on was, that if the yearly rent (which was 25 bushels of wheat annually) should be behind and unpaid for the space of twenty days after the day appointed for its payment; and that if the lessee, his heirs or assigns should not observe, keep and perform the several covenants in the indenture of lease expressed to be performed by the lessee, &c. the indenture and

the estate thereby created were to be void, determine and cease, and right of re-entry was given to the landlord, his heirs and assigns. One of the covenants in the lease was, that on every sale or assignment of the demised premises by the lessee, his heirs or assigns, he or they should pay to the landlord, his heirs or assigns, a fifth part of the consideration money of such sale or assignment.

The plaintiff proved, that in May, 1826, the rent due and in arrear amounted to the sum of $122, and that in April, 1826, the property of the defendant was sold on execution. It appeared that at the time of the sale there was more than double the amount of property on the premises to satisfy the rent; and that property to the amount of $150, purchased at the sale, was left on the premises, and continued there in the possession of the defendant at the time of the trial of the cause. It was not proved specifically that the estate of the defendant in the demised premises was sold under the execution. On this evidence a verdict was taken for the plaintiff, subject to the opinion of the supreme court.

*E. Williams,* for plaintiff, contended that the decisions of this court in 7 Cowen, 285, and 1 Wendell, 396, placed the law on the subject of conditions on the broad principles of common sense. If a party binds himself to do or not to do an act, and fails in the performance of his engagement, a right of action accrues against him. So if he takes an estate upon condition, and the condition is broken, the real estate is gone.

*A. L. Jordon,* for defendant. The only covenant that it can be pretended was broken, is the covenant for the payment of rent; for a sale under an execution being by operation of law, and not the act of the party, is not within the meaning of the covenant requiring the payment of the *fifth* reserved in this lease, in lieu of the ordinary quarter sale in the ancient leases. To enable the landlord to proceed for condition broken by the non-payment of the rent, he is bound to shew a demand of the rent, of the precise sum due, upon the day when the rent is due and payable, at a convenient

time before sun set, upon the land and at the most notorious place of it. (1 Saund. 286, n. 16. Woodfall, 337.) If he proceeds under the statute, (1 R. L. 441,) he is bound to shew that there was not property sufficient on the premises to countervail the rent. With none of these requirements of the law did the plaintiff comply.

*By the Court*, SAVAGE, C. J. The plaintiff cannot sustain this action 'for the non-payment of rent, neither at common law nor under the statute. He cannot recover at common law, because he has not complied with the common law requirements, such as the demand of the precise amount of rent on the day it fell due, at a convenient time before sundown. (7 'T. R. 117. 1 Saund. 286, n. 16. Saund. on Pl. and Ev. 470.) Nor can this action be sustained under the statute, because there was abundant property on the premises countervailing the arrears of rent, and which might have been distrained.

Nor can the plaintiff recover for a breach for the non-payment of the fifth of the sale of the premises. The case is rather obscure as to the sheriff's sale in April, 1826. It is not stated that the defendant's interest in the demise d premises was sold; and if there was no sale there could be no forfeiture on that ground. If there was a sale of the premises, then a question I apprehend would arise, whether such sale was *collusive*, or whether it was *bona fide* an adversary proceeding on the part of the creditor. If collusive, and made with intent to defeat the condition in the lease, then the plaintiff would be entitled to recover; but if bona fide, then, according to the opinion of Platt, justice, in *Jackson* v. *Silvernail*, (15 Johns. R. 279,) such sale does not work a forfeiture; and such was the point decided by this court in *Jackson ex dem. Schuyler* v. *Corliss*, (7 Johns. R. 531,) though an intimation to the contrary was thrown out by Mr. Justice Sutherland, in *Jackson* v. *Groat*, (7 Cowen, 286.) Upon the facts appearing in this case, the defendant is entitled to judgment.