SEWALL P. TOMLINSON *versus* MONMOUTH MUTUAL FIRE INSURANCE COMPANY.

By c. 125, § 1, R. S. of 1840, it is enacted that an absolute conveyance "with a separate instrument of defeasance of the same date, and executed at the same time, shall constitute a mortgage."

But a deed, purporting to be absolute, though intended to be defeasible by bond, will not be defeated, unless the bond be recorded in the registry of deeds. R. S. of 1840, c. 97, § 27.

Where, by the terms of a policy of insurance, it was to be absolutely void, if the insured, without the assent of the company, alienated the property in whole or in part, and he conveyed it in mortgage, and afterwards, by a deed recorded, released to another person his right of redemption, and took back a bond of defeasance, which he neglected to have recorded, *it was held*, in an action to recover for a loss that had occurred, that it appearing of record there had been an alienation of the property, the policy became void; and that the lien of the mortgagee, upon the policy, was defeated by the alienation of the property.

REPORTED by CUTTING, J.

THIS was an action of ASSUMPSIT on a policy of assurance,

issued by the defendant company to the plaintiff Nov. 10th, 1856, for $300, on plaintiff's house, and $75, on his barn, for four years. The writ is dated July 12th, 1858.

From the report of the case, it appears that the loss of the property insured against happened on the 20th day of January, 1858, and notice thereof was given to the company by the plaintiff on the 25th day of the same month, with a request that the loss be paid to S. E. Smith, who held a mortgage thereof. No objection was made to the sufficiency of the notices given by the plaintiff or the mortgagee.

The mortgage was made and recorded in March, A. D., 1857, to secure a note for $550, and interest, in two years. Other parcels of land, of sufficient value to secure the note, besides the lot on which were the insured buildings, are included in the mortgage.

The company introduced a copy of the record of a deed from plaintiff to Isaac Averill, of the parcels embraced in the mortgage, dated May 6th, 1857, and the plaintiff put into the case a bond of defeasance of the same from Averill to him, of the date of May 9th, 1857. And there was testimony tending to prove that there was an error in the date of the bond; that it should bear even date with the deed, having been executed and delivered at the same time the deed was, and constituted one transaction.

The policy was made to conform to one of the provisions of the Act incorporating the defendant company, that "when the property insured shall be alienated by sale, or otherwise, the policy shall thereupon be void."

The case was submitted to the Court, with jury powers, to be decided on so much of the evidence reported as is legally admissible.

The point which, in the judgment of the Court, is decisive of this case, being the only one considered in the opinion of the Court, it becomes unnecessary to state the other questions argued by the counsel, or the evidence reported bearing upon them.

*M. H. Smith,* for the plaintiff, in his argument, made the following points:—

By statute, as well as by numerous decisions, an absolute deed with a separate instrument of defeasance back, constitutes a mortgage.

In order to create a mortgage by an absolute deed and deed of defeasance, it is not necessary that the dates of the two instruments should be the same. It is sufficient if both be delivered at the same time. *Harrison* v. *Academy,* 12 Mass., 456; *Newhall* v. *Burt & al.,* 7 Pick., 157; *Eaton* v. *Whiting,* 3 Pick., 384.

In *Pollard* v. *Somerset Insurance Co.,* 42 Maine, 221, it is decided, that a mortgage of the insured property is not an alienation within the meaning of the Act of incorporation. And although the marginal note in this case states that, "where there is a provision that the policy shall be void if the property insured shall be alienated in whole *or in part,* a mortgage violates such provision and avoids the policy," no such decision was made in this case. It is true, in the opinion of the Court, the Judge incidentally remarks that it was so held in *Abbot* v. *Hampden Insurance Company,* 30 Maine, 414; but in this the learned Judge was under a misapprehension; no such decision was made in the 30th of Maine, and the careful attention of the Court is respectfully asked to the before named two cases of *Pollard* v. *Somerset Insurance Co.,* 42 Maine, 221; *Abbot* v. *Hampden Insurance Co.,* 30 Maine, 414; by neither of these cases is it decided, that a mortgage would be an alienation either in whole or in part.

The first mortgagee, for whose benefit this suit is brought, has a lien on the policy which he can enforce, (under the facts proved in the case,) only by this suit; and he cannot be deprived of his lien by any conveyance by Tomlinson, his mortgager, made subsequent to the date of his, said Smith's, mortgage. R. S., c. 49, § § 34, 35, 36; also, *Grosvenor* v. *Atlantic Fire Insurance Co.,* 5 Duer, N. Y., 517.

The Act of incorporation of the defendant company in the

case at bar, § 9, provides that when the property insured shall be alienated by sale, or otherwise, the policy shall be void. The defendant company had no right nor legal authority, under this Act, to provide by their by-laws that an alienation in whole *or in part* should vacate the policy, and, by so doing in their by-laws, transcended the authority conferred upon them by the Act of incorporation, and, therefore, the insured is not to be affected by this provision in the defendants' by-laws.

Parsons, in his recent work on Laws of Business, states, pages 397, 398 :—"A conveyance by one insured, intended to secure a debt, will be treated in a Court of Equity as a mortgage, and, therefore, it does not terminate the interest of the insured. A contract to convey is not an alienation." * * * "Nor is a mortgage, even after breach." * * * "Nor selling and immediately taking back."

*J. Baker*, for the defendants, argued :—

That the plaintiff is not entitled to recover, because he has alienated the insured property since the policy was effected.

This policy contains this proviso:—"And it is also provided that, in case he shall have * * * sold or alienated the property, in whole or in part, without the consent of the company certified on the back of this policy by the president and secretary or by two of the directors, the policy shall be absolutely void." Also this provision:— "It is mutually agreed that this policy is made subject to the lien created by law, and with reference to the votes and by-laws of the company, which may be resorted to in explanation of the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for." The defendants' charter, § 6, provides for a lien on the property insured, and § 9 provides, among other things:—" And, when the property insured shall be alienated by sale or otherwise, the policy shall, thereupon, be void." The 8th by-law of the company provides:—" In case the insured shall have sold or alienated the property in whole or in part, without having transferred the

policy to the purchaser or alienee, with the consent of the company, certified by the president and secretary or by two of the directors, on the back of his policy, then the policy shall be absolutely void."

The policy was dated Nov. 10, 1856, and the case finds that, on the 23d day of March, 1857, he mortgaged this property, with two other pieces, to S. E. Smith, for $550, and, May 6, 1857, he quitclaimed all his interest in the same premises to Isaac Averill, taking back an obligation for a reconveyance, on certain conditions, dated May 9, 1857. Considering, at present, this latter transaction as constituting only a mortgage, still these mortgages are clearly an alienation *" in part,"* and the policy thereby became void prior to the fire, which was January 19 or 20, 1858, and this action cannot be maintained. *Abbot* v. *H. M. F. Ins. Co.,* 30 Maine, 414; *Pollard* v. *Som. M. F. Ins. Co.,* 42 Maine, 221.

The transaction with Averill was not a mortgage, but an absolute conveyance.

It is not the same date as the deed, and therefore does not conform to R. S., 1840, c. 125, § 1, which was the law in force then, and, if not a mortgage then, it is not now, and cannot be made so by any change of the law.

It is not recorded, and therefore not binding on us. R. S., c. 73, § 9. *Adams* v. *R. M. F. Ins. Co.,* 29 Maine, 292; *Fuller & al.* v. *Pratt & al.,* 10 Maine, 197, 200.

The opinion of the Court was drawn up by

Appleton, J.—It is enacted by R. S., 1840, c. 125, § 1, that an absolute conveyance, "with a separate instrument of defeasance of the same date and executed at the same time, shall constitute a mortgage."

It is further enacted, c. 97, § 27, that a deed "purporting to convey an absolute estate of any kind in lands, which is intended to be defeasible by bond or any other instrument of defeasance, *shall not be defeated* by means of such bond or other instrument against any other than the maker of such defeasance, his heirs or devisors, *unless the instrument of de-*

Tomlinson *v.* Monmouth Mutual Fire Insurance Company.

*feasance shall have been duly recorded in the registry of deeds* in which the deed referred to in the bond or defeasance shall have been recorded."

The deed of the plaintiff to Averill constitutes an alienation of the premises insured. The defeasance executed at the same time was not recorded. By the express words of the statute, the deed is not to be defeated *unless* the instrument of defeasance is recorded. The title to the land remained in Averill of record, and he might convey a good title, or it might be attached as his property. The plaintiff, by neglecting to record Averill's bond, put it out of the power of the defendants to perfect their lien by recording the same. The registry of deed shows an alienation of record, and the statute provides that it shall not be defeated by reason of any unrecorded bond or other instrument of defeasance. The policy, thus, by its terms, becomes "absolutely void," as between these parties.

*Plaintiff nonsuit.*

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, JJ., concurred.