Dumke and another vs. Puhlman.

DUMKE and another vs. PUHLMAN.

*December 1 — December 16, 1884.*

*(1) Contracts: Waiver of forfeiture for delay.   (2) Evidence: Immaterial error.*

1. A finding of the trial court that a forfeiture, stipulated for each day of delay beyond a certain date in the performance of a contract for furnishing machinery and setting it up in a mill, had been waived by delays in preparing the mill for the reception of the machinery, is *held* to be sustained by the evidence.

2. In an action tried by the court without a jury, errors in the admission of evidence are immaterial if the evidence properly admitted supports the findings.

APPEAL from the Circuit Court for *Sheboygan* County.

The facts will sufficiently appear from the opinion. The defendant appealed from a judgment in favor of the plaintiffs.

For the appellant there was a brief by *Seaman & Williams,* and oral argument by *Mr. Seaman.* To the point that it was error to permit a plaintiff to answer the question whether the engine furnished was such an engine as was contemplated by the contract, they cited *Reynolds v. Shanks,* 23 Wis. 307; *Kelley v. Fond du Lac,* 31 id. 179; *Mellor v. Utica,* 48 id. 457.

For the respondents there was a brief by *Nash & Nash,* and oral argument by *Mr. L. J. Nash.*

ORTON, J.   This action was brought to recover the consideration price for a Corliss engine of a certain capacity, with air-pump, condenser, and heater, and Eclipse force-pump, with valves, etc., and a boiler, with appurtenances, set up in the defendant's mill, according to a written contract between the parties, and for extra work.   The only provisions of the contract necessary to be considered on this appeal are that the defendant should make the necessary foundation for the

engine under the supervision of the plaintiffs, and construct the parts of the mill, make the excavations, foundations, chimney, etc., which would be necessary for the putting in all of the machinery. The plaintiffs were to furnish the necessary drawings and patterns for the foundation of the engine. The contract was made March 9, 1882, and it was stipulated therein that the entire work should be completed and in running order on or before the 15th day of July thereafter, or that the plaintiffs should forfeit to the defendant $50 for each day of delay. The defendant, by answer, claimed damages for defective machinery, and the $50 per day for the delay in not completing the work and having the same in running order on or before July 15, 1882. There was a fair and exhaustive trial before the court without a jury, and the court found that the sum of $450 should be deducted from the balance of the unpaid contract price and extra work, on account of defects in the machinery, and rendered judgment for the plaintiffs for the balance. The court also found that the delay of the plaintiffs in not completing the work and having the same in running order on or before July 15th, was occasioned by the defendant in not having the foundation made in time, and in not having the mill and other necessary facilities for receiving the other works in time, and that the defendant thereby waived said forfeiture. The works were finally completed and in running order September 2, 1882, and received and used by the defendant thereafter.

These are the only findings necessary to be considered in disposing of the contested points on the argument. The plaintiffs took the necessary exceptions to claim that the court made too large deductions for imperfect machinery, and the defendant claims that not enough damages were allowed on that account; but this point was not urged on the argument. The principal contention was in respect to

the waiver of the forfeiture. It would be profitless and unnecessary to review the evidence upon this question any further than to determine therefrom whether there was sufficient to justify the court in finding that the forfeiture had been waived. There was some conflict of the evidence on this question, and the circuit court was more competent to determine its credibility and weight than this court could be on the mere record. If on behalf of the plaintiffs there was evidence of delays by the defendant in making the necessary preparations to receive the works on or before July 15th, it is sufficient to justify the findings. The plaintiffs wished to furnish and set up the boiler as early as April 12th, and then again in the month of May, and the defendant was not ready to receive it, and as late as May 24th wrote that "these parties trouble me to take the boiler, and I do not know when I shall need it. Please let me know, if you can, when I must have the house ready;" and again, on May 29th, "I do not know what I can do with the boiler as early as this week. I cannot get any brick before two or three weeks." On the 13th of July the plaintiff furnished the patterns for the foundation of the engine and entered upon the work of the foundation, but it was discontinued by the fault of the defendant, and it required only one or two days to complete it. The building was not inclosed or the chimney finished, and other necessary facilities were not furnished by the defendant for the other works in proper time, without any fault of the plaintiffs. This evidence was most certainly sufficient to waive so strict and penal a provision as this. If the defendant wished to rest, and insist upon this forfeiture for the delay of the plaintiffs, he should be wholly without fault himself, and have been all the time ready for a strict performance by the plaintiffs, and should not have obstructed such strict performance in the least.

The learned counsel of the appellant alleges as error that

the court refused evidence as to what was said by the parties at the time the contract was entered into, about this forfeiture clause, offered for the purpose of showing that it was intended as a forfeiture, and not as liquidated damages. The evidence was immaterial, because the court treated it as a forfeiture, and found that it had been waived by the defendant.

The learned counsel for the appellant also alleged as error that the court allowed, against objection, one of the plaintiffs to testify that the engine they furnished was such an engine as was contemplated by the contract, in answer to the question whether it was *such* an engine. The general question, whether it was *such*, an engine, would imply only whether it was the *kind* of engine contemplated by the contract. The contract called for a "Corliss" engine, and there was no dispute but that *such* an engine was furnished. The case was tried by the court, and exceptions to the admission of improper evidence are not material, if there was proper evidence sufficient to warrant the finding. The case was an important one, and very ably tried and as ably argued in this court, and with the candor characteristic of the counsel on both sides; but to say more in this opinion is unnecessary.

*By the Court.*— The judgment of the circuit court is affirmed.