The Wheeler & Wilson Manuf'g Co. vs. Laus and another.

The Wheeler & Wilson Manufacturing Company vs. Laus and another.

*March 7 — March 31, 1885.*

EVIDENCE: APPEAL TO S. C. *(1) Expectation: Modification of contract. (4) When improper admission not assignable as error.*

CONTRACTS: AGENCY. *(2, 3) Contract to sell machines: Personal liability of agent: Consideration: Recoupment.*

1. Evidence of the expectations of a party as to matters in respect to which his rights are fixed by an express contract, is inadmissible to vary such contract.

2. In a contract to take plaintiff's sewing-machines on consignment and sell them in certain territory, the defendant L. agreed as follows: "I will make prompt returns as fast as sales or leases are made, remitting cash for all machines disposed of, except those leased or sold on monthly instalments, and will pay for those one third in three months, one third in six months, and one third in nine months from date of sale or lease, with interest from said date at eight per cent., and will, at time of lease or sale, send my notes for the same in accordance with these terms, and will, if you desire, at any time, assign and deliver as security to you said leases or instalment accounts. I will pay you at the prices and according to the terms contained herein and in the schedule of prices signed by me, or according to terms we may agree upon. . . . . I do not expect the privilege of returning the machines to you." The schedule mentioned provided that notes sent for leased machines should draw eight per cent. interest, and that if they were received within certain periods after shipment of the machines, certain discounts should be allowed. *Held:*

(1) The said defendant became personally liable for all machines received by him under the contract.

(2) The creation of the agency, the shipments and right of disposition of machines were valuable considerations for the contract and for the notes given in accordance therewith.

3. L. leased a number of machines, using (though not compelled to do so) a form of lease furnished by the plaintiff which provided that the machines should remain the property of the plaintiff until fully paid for by the lessee, and that all payments thereon should be made at the plaintiff's office in Milwaukee. After so leasing each machine, L. gave his notes therefor as provided by the contract. Upon ceasing to do business under the contract he delivered

all leases then held by him to the plaintiff. Subsequently the plaintiff returned a part of such leases to him requesting him to make collections thereon, which he was unable to do. Afterwards he offered to redeliver said leases to the plaintiff upon cancellation of his notes, but the plaintiff refused such offer. *Held*, that L. remained liable under the contract and on his notes for the leased machines, except so far as the plaintiff accepted any of the leases in discharge of the notes, and except that all collections made by the plaintiff on the leases would be available to L. by way of recoupment on the notes.

4. In a case tried by the court, the improper admission of evidence is not available as error on appeal.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

" The complaint sets out two causes of action. The first cause of action is under a contract between the plaintiff and the defendant *Laus*, made April 11, 1882, and guarantied by the defendant *Beyer*. Under this contract, it is alleged that *Laus* had made default in the payment for machines and merchandise ordered and delivered, and for wagon rental, in the aggregate, $161.64. The second cause of action is under a contract dated August 7, 1882, between the plaintiff and *Laus*, guarantied by *Beyer*, and under which it is alleged that the plaintiff furnished and delivered to *Laus*, as ordered by him, sewing-machines, for which *Laus* had given his notes to the plaintiff, particularly described, in the aggregate to the amount of $248.07, which notes were then due and payable, with interest, and under which it was further alleged that *Laus* had also made default under that contract in the payment of the further sum of $57.13, for machines and merchandise ordered by and delivered to *Laus*, and for wagon rent due from and expenses paid for him, and for which *Laus* was liable as per statement; and that the same was due and payable December 18, 1882. The complaint contained the usual allegations in such cases, with the usual prayer for judgment. The nature of the answer and reply need not be given.

" The cause was referred to hear, try, and determine. In addition to the referee's formal finding of incorporation of the plaintiff, the making of the contracts, and other facts not questioned on this appeal, the referee found, in effect, that there was due the plaintiff, by reason of the default of *Laus* on the first contract, $74.24. The referee also found, in effect, that *Laus* ordered of and received from the plaintiff, under the contract of August 7, 1882, certain sewing-machines, which he leased or sold on monthly payments to various persons, and for the prices of which he executed and delivered to the plaintiff, according to the terms and provisions of said contract, his promissory notes thereto attached; that the leases used by *Laus* under that contract were furnished to him by the plaintiff, and recited in all cases that the machines leased remained the property of the plaintiff until fully paid for by the lessee, and that all payments thereon should be made at the plaintiff's office in Milwaukee; that *Laus* was not compelled by his contract to use such leases; that in all cases the notes so given were executed and delivered subsequent to the execution of the lease, in the form above mentioned, by the lessee; that about the time *Laus* ceased doing business under said contract he delivered all leases then held by him under that contract, aggregating $365.75, to the plaintiff; that about four months thereafter the plaintiff returned to *Laus* a part of said leases, the unpaid balance on which then aggregated $231, with the request that he make some collections thereupon; that *Laus* failed to make collections thereof because the lessees refused to pay him thereon; that subsequently *Laus* offered to redeliver said leases to the plaintiff, upon the cancellation and delivery to him of said notes, which proposition the plaintiff refused to accept; that no part of the notes sued upon had ever been paid; that all of said notes were past due, that the plaintiff was the legal owner and holder thereof, and that there was due thereon $271.67; that certain

items of the plaintiff's charges and account, including certain leases under the first contract accepted by the plaintiff, were disallowed; that *Beyer* had due notice of all the indebtedness of *Laus* to the plaintiff, and of his default in the payment thereof; that the referee allowed and disallowed certain other items unnecessary to mention.

" As conclusions of law the referee found, in effect, that the plaintiff was entitled to recover of the defendants under the first contract the sum of $74.24, and no more (of which six dollars was for wagon rent, and is now the only item in dispute); that the plaintiff was entitled to recover under the second contract items of merchandise admitted, $11.23; wagon rent, $17.50; the amount of notes, with interest, $271.67; total, $299.90; and no other items; that *Laus* never acquired the legal title to any of the machines received by him of the plaintiff; that *Laus* was entitled to offset against the claim of the plaintiff herein $18.75 for commissions, but to none of the other counterclaims or offsets claimed by him; that *Beyer* was liable to the plaintiff on his two contracts of guaranty for all the indebtedness of *Laus* to the plaintiff; that the plaintiff was entitled to judgment against the defendants, over and above all offsets, for the sum of $355.39, besides the costs of this action.

" Objection and exceptions being filed to the report, and upon the hearing of the motion to confirm the same, it was ordered by the court, in effect, that the report be amended by finding, in addition to the findings therein contained, that all the leases taken by *Laus* for machines disposed of by him under the second contract were his property, and were only held by the plaintiff as security for the payment of the indebtedness by the defendants under that contract, and that the plaintiff had no legal right to the same, or to hold the same; and it was further ordered that the report, as thereby amended, be, and the same was thereby, confirmed, and that the plaintiff have judgment thereon against

the defendants for the balance found due as aforesaid, with interest from the date of the report, and costs to be taxed. From the judgment entered thereon the defendants appeal."

*F. P. Hopkins,* for the appellants.

For the respondent there was a brief by *Chapin, Dey & Friend,* and oral argument by *Mr. Dey.*

CASSODAY, J. Exception is taken because the court precluded *Laus,* while testifying in his own behalf, from answering this question: " From whom did you expect to get the difference between the schedule price and the amount named in the lease to be paid by the lessee therein for the machine, after you had turned the lease over to the company?" The rights of the defendants as to the matter involved in the question were fixed by the terms of the contract, and could not be changed or modified by the expectation of the witness. The question was, therefore, properly excluded.

It is claimed that the referee and the court improperly allowed the plaintiff six dollars for wagon rent under the first contract. That contract was in the form of a proposition from *Laus* to the plaintiff and accepted by the latter. In that proposition are these words: " If I order any wagons from you, I will pay for the same, or for the use thereof, according to the terms mentioned in the order, or as we may agree upon from time to time in writing." In the order for the wagon, *Laus* agreed to pay one dollar per week rent, with this condition: " You are to allow one dollar deduction from the wagon rent *for any term* for each machine for which I pay you *during that term;* but no deduction on account of machine paid for in any other term." It was found by the referee that during the term of ten weeks while *Laus* so used the wagon, he only paid in full for four machines, and hence, by the express language of the order, was only entitled to a rebate of four dollars there-

for, which he received.   We cannot  disturb  the findings in this respect.

It is urged that the machines received by *Laus* under the second contract were so received and disposed of by him as agent merely, and that the several leases which he took therefor ran to and were the property of the plaintiff, and hence that the notes thereafter given by *Laus* to the plaintiff for the same machines were without consideration, and therefore void.

The personal liability of *Laus* for the machines so shipped and disposed of, or upon the notes in question, which is the same thing, depends upon the language of the contract. This contract, like the other, was in the form of a proposition from *Laus* to the plaintiff, and accepted by the latter, and contained this clause:  "I will make return for all machines ordered within four months from date of shipment, and will make prompt returns as fast as sales or leases are made, remitting cash for all machines disposed of, except those leased or sold on monthly instalments, and will pay for those one third in three months and one third in six months and one third in nine months from date of sale or lease, with interest from said date at eight per cent. per annum, and will, at time of lease or sale, send my notes for the same in accordance with these terms, and will if you desire, at any time, assign and deliver as security to you said leases or instalment accounts.   I will pay you at the prices and according to the terms contained herein and in the schedule of prices signed by me, or according to terms we may agree upon from time to time in writing.   .   .   .   I do not expect the privilege of returning the machines to you."   The schedule annexed, and made a part of the contract, gave the prices of the different styles and sizes of machines, and provided that "notes sent for leased machines are to draw eight per cent. interest, and are to be made according to the following terms: If notes are received within

thirty days from shipment of machine, four per cent. is to be discounted from the price of machine; if within sixty days, three per cent.; if within ninety days, two per cent.; if within 120 days, one per cent."

By this contract we are constrained to believe that *Laus* made himself personally liable for all machines received by him from the plaintiff thereunder, with a privilege on the part of the plaintiff, under a clause of the contract not quoted, to retake all machines on hand whenever it was considered for the interest of the plaintiff not to have its machines sold by *Laus*. *Laus*, being, personally liable to the plaintiff for every machine for which he took a lease, as well as those which he sold, there would seem to be no good reason why he should not be held personally liable for the notes given by him to the plaintiff on account of such leased machines. Of course, if the plaintiff accepted any of such leases in full satisfaction and discharge of any of the notes given therefor, that would operate as an extinguishment of such notes *pro tanto*. So, if the plaintiff collected from the makers the amount of any of such leases, such collections would be available to the defendants by way of recoupment upon the notes. But *Laus* was, nevertheless, primarily liable under the contract and the notes. This personal liability was obviously to secure the plaintiff from loss through any irresponsible person to whom *Laus* might deliver such machines and take leases therefor. Certainly there is nothing in the law to prevent *Laus* from fastening upon himself by express written contract such primary liability. It is equally certain that the creation of the agency, the shipments and right of disposition of the machines, were valuable considerations for each of such promises. Neither courts of law nor equity are inclined to disturb contracts for mere inadequacy of consideration, whether it be of benefit to the promisor or injury to the promisee. *Earl v. Peck*, 64 N. Y. 596; *Cummings's Appeal*, 67 Pa. St. 404. We must there-

fore hold that there was a sufficient consideration to support the notes in suit. There was nothing in the wording of the leases, nor the action of the plaintiff in relation to them, to do away with *Laus's* primary liability.

In a case tried by the court, the improper admission of evidence is not available as error on appeal. We find no material error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.