VANKIRK, Respondent, vs. THE CITIZENS' INSURANCE COMPANY OF PITTSBURGH, Appellant.

*April 14 — May 5, 1891.*

*Insurance: Evidence: Title: Waiver.*

| 79 | 627 |
|----|-----|
| 85 | 197 |
| 79 | 627 |
| 91 | 165 |
| 79 | 627 |
| 93 | 228 |
| 79 | 627 |
| 115 | ³406 |

1. A policy of insurance, issued without any application by the assured, and without any questions being put to him as to incumbrances, which contains a clause that it shall be void if any fact material to the risk is concealed by the insured, is not invalidated by the fact that he did not disclose the existence of a mortgage on the property, if he did not intentionally or fraudulently conceal it.

2. A court will take judicial notice that the existence of a mortgage upon insured property is a fact material to the risk, and that need not be proved; consequently to exclude proof thereof is not error.

3. One who holds title to land under a deed conveying to him the fee-simple absolute, is the "unconditional sole owner," within the meaning of a condition in a policy of insurance requiring the title to be disclosed, notwithstanding there may be a mortgage thereon.

4. An insurance company which denies its liability and refuses to pay a loss under its policy before the expiration of the time for making proofs, thereby effectually waives such proofs.

5. Where an insurance company sets up the concealment of the existence of a mortgage on the insured premises as a defense, the assured may properly be allowed to testify whether or not he intentionally concealed that fact.

APPEAL from the Circuit Court for *Rock* County.

This action is on a policy of insurance issued by the defendant company to one Collier, insuring him to the amount of $400 against loss of or damage by fire to his tobacco barn in Janesville. The barn was totally destroyed by fire during the term of the policy. After the loss Collier assigned his interest in the policy and insurance money due thereon to the plaintiff. The complaint alleges due performance by Collier of all conditions precedent stipulated in the policy to be performed by him. The answer sets out numerous conditions and stipulations contained in the

policy, but assigns breaches by Collier of but two of them. These are the usual stipulations in insurance policies, that no fact material to the risk, or relating to the condition, situation, or occupancy of the insured property, has been concealed; that the interest therein of the assured has been truly stated to the defendant company; and that, if the interest of the assured be other than the entire, unconditional, and sole ownership of the property, it must be so expressed in the policy.

The case was tried by the court. The findings of fact (which are fully supported by the testimony) are to the effect that at the time the policy was issued there was a mortgage upon said premises given to secure an overdue and unpaid indebtedness of $1,035; that Collier did not inform the company, or its agent who effected the insurance, of the existence of such mortgage; that he did not know that the mortgage had anything to do with the application for insurance; that he was not asked by the company or its agent as to whether the property was incumbered; that he did not represent that it was unincumbered, and did not fraudulently or intentionally conceal the existence of said mortgage from the company or its said agent; that Collier made no written application for the policy, and no copy of any application or representation of Collier was attached to the policy or indorsed thereon; and that due proofs of loss were either made by the plaintiff, or the same were waived by the company. The evidence shows that, before the time for making proofs of loss expired, the company disclaimed all liability under the policy.

As conclusions of law, the court found from the foregoing facts that Collier, at the time the policy was issued, was the owner in fee-simple absolute of the insured building; that the policy was in full force and effect when such building was burned; and that the plaintiff is entitled to judgment for the amount of such insurance. Judgment for

plaintiff for the amount due on the policy, by its terms, was thereupon entered. The defendant appeals therefrom.

*Ed. F. Carpenter*, for the appellant, argued that the existence of the mortgage was a material fact, which the assured was bound by the policy to disclose; and it made no difference whether its concealment was intentional or not. It was error to permit him to testify as to his intention. Wood on Fire Ins. secs. 199, 215; *Boggs v. American Ins. Co.* 30 Mo. 63; *Columbia Ins. Co. v. Lawrence*, 10 Pet. (U. S.), 507; *Fitchburg Savings Bank v. Amazon Ins. Co.* 125 Mass. 431; *Hartford Protection Ins. Co. v. Harmer*, 2 Ohio St. 452; *Hinman v. Hartford F. Ins. Co.* 36 Wis. 159; *Ryan v. Springfield F. & M. Ins. Co.* 46 id. 271; *Schumitsch v. Am. Ins. Co.* 48 id. 26. The assured was not the absolute owner of the property insured, since there was a mortgage thereon which was past due and unpaid.

For the respondent there was a brief by *Dunwiddie & Goldin*, and oral argument by *B. F. Dunwiddie.* To the point that Collier was properly allowed to testify that he did not intentionally conceal the existence of the mortgage, they cited *Wilson v. Noonan*, 35 Wis. 355; *Plank v. Grimm*, 62 id. 251; *Anderson v. Wehe*, id. 402; *Forbes v. Waller*, 25 N. Y. 439; *Seymour v. Wilson*, 14 id. 567; *Griffin v. Marquardt*, 21 id. 121; *McKown v. Hunter*, 30 id. 625; *Watkins v. Wallace*, 19 Mich. 57.

LYON, J. 1. On the trial the defendant demurred, *ore tenus*, to the complaint, alleging that it failed to state a cause of action. The ground of the demurrer was that there is no allegation in the complaint that Collier was the owner of the insured property when the policy was issued or when the loss occurred. This is a mistake of fact. The complaint alleges that the barn was Collier's property when the policy was issued, and that he was the owner thereof when the same was burned.

2. It is maintained on behalf of the company that a fact material to the risk, to wit, the existence of the mortgage upon the insured property, was concealed from the company by Collier, and hence that the policy is void. Collier not having been questioned concerning incumbrances on the property, and it having been found by the court on sufficient evidence that he did not intentionally or fraudulently suppress the fact, it must be held on the authority of *Alkan v. N. H. Ins. Co.* 53 Wis. 136, that his failure to disclose the existence of the mortgage does not invalidate the policy. The rule there adopted, and which is applicable here, is thus stated in Wood on Insurance, 388: "When no inquiries are made, the intention of the assured becomes material, and to avoid the policy it must be found, not only that the matter was material, but also that it was intentionally and fraudulently concealed." The existence of the mortgage was a fact material to the risk, and no proof of its materiality was necessary. Hence it was not error to exclude such proof, which the circuit court did. Such proof would have been inconsequential.

3. The court found that, notwithstanding the mortgage, Collier was the owner in fee-simple absolute of the premises on which the insured building was erected. This is equivalent to holding, in the language of the policy, that he was the unconditional and sole owner thereof. This ruling is sustained by the decision of this court in *Johannes v. Standard Fire Office*, 70 Wis. 196, in which case we adopted the doctrine of *Dolliver v. St. J. F. & M. Ins. Co.* 128 Mass. 315, which is precisely in point. We conclude that neither breach of the policy is well assigned.

4. The point is made that the proofs of loss failed to comply with the requirements of the policy in that behalf. No such proofs were required. The undisputed evidence is that the company denied its liability on the policy, and refused to pay the loss, before the time expired for making

such proofs. This is an effectual waiver of the proofs. *King v. Hekla F. Ins. Co.* 58 Wis. 508; *Harriman v. Queen Ins. Co.* 49 Wis. 72; *McBride v. Republic F. Ins. Co.* 30 Wis. 562; *Parker v. Amazon Ins. Co.* 34 Wis. 363.

5. On the trial the court allowed Collier to testify whether or not he intentionally concealed from the agent of the company the existence of the mortgage. Error is assigned on this ruling. The testimony was competent. See *Wilson v. Noonan*, 35 Wis. 355, and other cases cited in the brief of counsel for plaintiff.

The record discloses no material error. The judgment of the circuit court must therefore be affirmed.

*By the Court.*— Judgment affirmed.