THE BANK OF GLASCO v. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

No. 162.

1. CONVEYANCE — *deed intended as mortgage does not forfeit insurance.* Where the insured gave a quitclaim deed to the property, purporting to be an absolute conveyance, but intended to be only a mortgage to secure the payment of debts, and no instrument of defeasance was executed, acknowledged and recorded as provided by paragraph 3885, General Statutes of 1889, such action does not forfeit an insurance policy thereon containing the following: "If the property be sold or transferred, . . . or any change takes place in the title or possession — except in case of succession by reason of death of the assured — whether by legal process or judicial decree, or voluntary transfers or conveyances, . . . then, and in every such case the policy shall be void. . . . When property has been sold and delivered, or otherwise disposed of, so that all interest or liability on the part of the assured herein named has ceased, this insurance on said property shall immediately terminate."

2. AGENCY — *facts all disclosed, acts of agent of both parties binding.* The fact that the agent of the insurance company was at the time of his appointment, and at the time of the transaction in controversy also the agent, a small stockholder, and one of the managing officers of the assured — his appointment having been made with full knowledge of such relations, and there being no fraud, deception or concealment used — is not sufficient to relieve the insurance company from being bound by the acts and knowledge of such agent.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed March 22, 1897. *Reversed.*

BANK OF GLASCO v. SPRINGFIELD INS. CO.    389

March 22, 1897.        Opinion.   Wells, J.                    C. Div.

*A. H. Ellis,* and *F. T. Burnham,* for plaintiff in error.

*Ellis, Reed, Cook & Ellis,* and *W. W. Caldwell,* for defendant in error.

WELLS, J.   For the decision of this case we deem it necessary to consider only the question whether, under the findings of fact made by the court, the plaintiff or the defendant should recover.   In determining this question two important issues of law are distinctly raised.

*First.*  Where the insured gave a quitclaim deed to the property, purporting to be an absolute conveyance but intended to be only a mortgage to secure the payment of debts, and no instrument of defeasance was executed, acknowledged and recorded, as provided by paragraph 3885, General Statutes of 1889, does such action forfeit an insurance policy thereon containing the following:

"If the property be sold or transferred   .   .   .   or any change takes place in the title or possession — except in case of succession by reason of death of the assured — whether by legal process or judicial decree, or voluntary transfers or conveyances   .   .   .   then, and in every such case the policy shall be void.   .   .   . When property has been sold and delivered, or otherwise disposed of, so that all interest or liability on the part of the assured herein named has ceased, this insurance on said property shall immediately terminate"?

*Second.*  Is the fact that the agent of the Insurance Company was, at the time of his appointment and at the time of the transaction in controversy, also the agent, a small stockholder, and one of the managing officers of the assured, — his appointment having been made with the full knowledge of such relations and

390 BANK OF GLASCO v. SPRINGFIELD INS. CO.

N. Dept.         Opinion.   Wells, J.        5 Kan. App.

no fraud, deception or concealment having been used —sufficient to relieve the Insurance Company from being bound by the acts and knowledge of such agent?

I. It was contended in the court below, and that contention sustained by the trial judge, that such conveyance was in law an absolute transfer of the title to the property, under paragraph 3885, General Statutes of 1889 ; said paragraph reads as follows :

"When a deed of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such deed shall not be defeated or affected, as against any person other than the grantee or his heirs or devisees, or persons having actual notice, unless an instrument of defeasance, duly executed and acknowledged, shall have been recorded in ths office of the register of deeds where the lands lie"?

The plaintiff in error, the plaintiff below, insisted upon the trial and still insists that the above section has no application to cases of this character, and that it was enacted solely for the purpose of protecting creditors and subsequent purchasers ; and we are referred to several respectable authorities in support of the contention of each party. On behalf of defendant in error, we are referred to *Tomilson v. Monmouth Insurance Company*, 47 Me. 232 ; *Hennessey v. Andrews*, 6 Cushing, 170, and *Foote v. Hartford Insurance Company*, 119 Mass. 259. In the first-mentioned case, the court assigns as one of its reasons for the decision the following : "The plaintiff, by neglecting to record Averill's bond, put it out of the power of the defendants to perfect their lien by recording the same."

It seems from an examination of this case that the insurance company had or claimed some lien upon the property by virtue of the terms of the policy, but just what influence this had upon the decision we are

Bank of Glasco v. Springfield Ins. Co.    391

March 22, 1897.     Opinion.   Wells, J.      C. Div.

unable to determine. The case of *Hennessey v. Andrews* (6 Cushing, 170), was a complaint for flowing land by a mill dam, and the party against whom the suit was brought set up the unrecorded defeasance to avoid his liability; this case presents a state of facts quite different from the one at bar. The case of *Foote v. Hartford Insurance Company* (119 Mass. 259), is also somewhat different from the case at bar. In that case the grantee in a deed had previously had a mortgage; and the deed complained of, for which the defeasance was given, was turned over to him in satisfaction of his mortgage and without the payment thereof, and afterwards he collected rents from the premises. The court in rendering the decision at the top of page 261 says: "The deed carried with it also a legal change of possession." We are not advised as to how far the common-law attributes of a mortgage have been changed in that State, but would infer, from the clause recited, that to some extent at least they still remain; but in Kansas the law is well settled that every deed of conveyance, whether made to the trustee or not, if made for the purpose of securing debt, and for that purpose only, is a mortgage. See *McDonald & Co. v. Kellog* (30 Kan. 170), and other decisions to the same effect.

The simple question in this case is whether, as regards the Insurance Company, this mortgage shall be changed to an absolute conveyance by virtue of paragraph 3885, General Statutes of 1889, to enable it to found a forfeiture thereon. The courts of last resort in our own country have differed upon this proposition, but it seems to us, that, in harmony with our law, and the decisions of our court upon subjects allied to this, we must hold that paragraph 3885, General Statutes of 1889, does not control; in fact, under the literal

reading of the paragraph in controversy, the contention of the Insurance Company cannot be sustained. The language of the paragraph is : " Such deed shall not be defeated or affected." This is quite a different thing from saying that it shall be conclusively presumed to be an absolute conveyance for the purpose of aiding in a forfeiture.

II. On the second question in controversy there is no dispute but that the general rule is, that one cannot be an agent of another where he is the other party in interest or agent for the other party. But that rule is for the protection of innocent parties, and may be waived by either party upon a full knowledge of all the facts. See Mechem on Agency, §§ 66, 67 and 68. The Supreme Court of Georgia, in the case of *Fitzsimmons v. The Southern Express Company* ( 40 Ga. 336 and 337 ), uses this language :

"Two parties may always, by *mutual consent*, no matter how diverse their interests, make a third their agent. It is true, if A have an agent, that agent cannot, *without A's consent*, act as the agent of B, in a matter in which A's interests conflict with B's. But B, who selects the agent, knowing he is the agent of A, cannot object to take advantage of his own wrong, in giving, knowingly, or the agent a trust, conflicting with his duty to A. This is plain common sense and the every-day practice."

We are referred by the defendant in error, to the recent case of *Rockford Ins. Co. v. Winfield* (57 Kan. 576, 47 Pac. Rep. 511), but we fail to find anything in this decision antagonistic to the views herein expressed. In that case, the agent gave no information touching the relation of himself and the bank to the insured property, as expressly stated in the first section of the syllabus, and Chief Justice Martin used this language :

" When an insurance company employs an agent to

solicit business for it in a particular locality it has a right to expect that he will act only in its interest in that business. He would not be authorized to write a policy upon his own property, for as to this he would not be the agent of the company, and it would not be bound thereby unless, being fully informed of the facts, the principal officers of the company should accept the risk.''

In the case at bar the Insurance Company knew substantially the interest of the plaintiff in the property in question, and of their agent's relation to the Bank.

The judgment of the court below will be reversed, and the court ordered to render judgment upon the findings of fact thereinbefore found, in accordance with this decision.