WOLF, Respondent, vs. THE THERESA VILLAGE MUTUAL FIRE INSURANCE COMPANY, Appellant.

*September 24 — October 21, 1902.*

(1) *Trial: Evidence: Immaterial errors.*     (2-5) *Fire insurance: Pleading: Title of insured: Change in interest: Mortgage in . form of absolute deed: Unrecorded defeasance.*

1. Upon a trial by the court without a jury, errors in the admission of evidence are immaterial if the evidence properly admitted supports the findings.
2. Where the complaint alleged that defendant insured property then and since owned by plaintiff and then in the possession of a lessee of plaintiff, and the answer admitted insuring the property and did not deny that plaintiff had title as alleged, plaintiff's title at the time of the insurance was not in issue, and the admission of parol evidence of his ownership at that time was not a material error.
3. The interest of a mortgagor in possession is unconditional and sole ownership, within the meaning of the standard fire policy.
4. The giving of a mortgage of the realty after the making of the insurance contract, even though the mortgage be in the form of an absolute warranty deed, does not operate as a change "in the interest, title, or possession" of the property, within the meaning of the standard fire policy.

5. Sec. 2243, Stats. 1898 (providing that when a deed purports to be an absolute conveyance, but is made defeasible by force of an instrument for that purpose, it shall not be thereby defeated or affected as against any person other than the maker of the defeasance or his heirs or devisees, or persons having actual notice thereof, unless the instrument of defeasance shall have been recorded), was intended to protect subsequent *bona fide* purchasers, and does not render an unrecorded defeasance inadmissible, in an action on an insurance policy, to show, as against the insurer, that a warranty deed was in fact a mortgage.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is an action to recover $1,000, with interest thereon from February 20, 1901, alleged to be due under the terms of a fire insurance policy issued by the defendant to the plaintiff February 27, 1900, on certain property belonging to the plaintiff and therein described, and then occupied by one A. M. Swift, as tenant of the plaintiff. The policy covered the risk for one year from March 1, 1900, to March 1, 1901, and the amount of the loss was therein made payable sixty days after proof of loss by fire, as prescribed in the policy. The property was destroyed by fire November 5, 1900, and proofs of loss were made December 21, 1900. The defendant answered to the effect that by the terms of the policy it was provided, among other things, "that this entire policy shall be void if . . . the interest of the insured be other than unconditional and sole ownership, . . . or if any change other than by death of the insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal judgment or process or by voluntary act of the insured, or otherwise;" that, in violation of such terms of the policy, the plaintiff and wife did on June 28, 1900, make and execute a good and sufficient warranty deed of the premises insured, wherein the same were conveyed to the Jos. Schlitz Brewing Company.

The facts being undisputed, a jury was waived, and at the close of the trial the court found, as matters of fact, in effect, the facts as stated, and also that the property was of the value of $3,500; that at the time the property was destroyed the plaintiff was the owner of the premises, and that the same was owned, occupied, and located as stated and as specified in the policy; that the plaintiff had duly performed all the conditions required by him to be performed by the terms of the policy; that the building was totally destroyed by the fire; and that the loss sustained by the plaintiff under the policy was $1,000, and that the same became payable February 20, 1901. And as conclusions of law the court found that the deed executed by the plaintiff to the Jos. Schlitz Brewing Company was a mortgage, and did not invalidate the policy; that the plaintiff was entitled to judgment against the defendant for .$1,000 and interest from February 20, 1901, together with costs and disbursements of this action. From the judgment entered thereon accordingly the defendant brings this appeal.

For the appellant there was a brief by *Lamoreux & Husting,* and oral argument by *C. W. Lamoreux.* To the point that the giving of an absolute deed, even though intended as a mortgage, was in violation of the terms of the policy and avoided the same, they cited Kerr, Ins. 402; *Foote v. Hartford Ins. Co.* 119 Mass. 259; *Clinton v. Norfolk Mut. Ins. Co.* 176 Mass. 490; *Farmers & Merchants Ins. Co. v. Jensen,* 58 Neb. 522, 76 N. W. 577; 13 Am. & Eng. Ency. of Law (2d ed.) 246; *Tomlinson v. Monmouth Mut. F. Ins. Co.* 47 Me. 232; *Phœnix Ins. Co. v. Asberry,* 95 Ga. 792; *Western Mass. Ins. Co. v. Riker,* 10 Mich. 279; *Bemis v. Harborcreek Mut. F. Ins. Co.* 200 Pa. St. 340, 47 Atl. 769.

For the respondent there was a brief by *G. Holmes Daubner,* attorney, and *Geo. H. Noyes,* of counsel, and oral argument by *Mr. Daubner* and *Mr. A. W. Fairchild.*

CASSODAY, C. J.   As indicated, the facts being undisputed, the case was, by stipulation of the parties in open court, withdrawn from the jury and submitted to and tried by the court. This being so, errors in the admission of evidence, if any, are immaterial if the evidence properly admitted supports the findings.   *Dumke v. Puhlman,* 62 Wis. 18, 21 N. W. 820; *Wheeler & W. Mfg. Co. v. Laus,* 62 Wis. 635, 23 N. W. 17; *Frisk v. Reigelman,* 75 Wis. 499, 43 N. W. 1117, 44 N. W. 766.   It is claimed that the plaintiff was improperly allowed to prove by parol evidence that he owned the property insured and was in possession by his tenant at the time of making the contract of insurance.   But his title at that time does not seem to have been in dispute.   The complaint alleges, and the policy provides, in effect, that February 27, 1900, the defendant insured the plaintiff to the amount stated against loss or damage by fire to the property described, then and since owned by the plaintiff, and then in the possession of A. M. Swift, as lessee of the plaintiff.   The answer expressly admits that the defendant insured the property mentioned in the complaint, but fails to deny that the plaintiff had such title at the time of making of the contract of insurance.   This being so, the fact that the plaintiff was in such possession of the premises at the time of making the contract of insurance would seem to be sufficient.

The policy provided that the "loss or damage, if any, under this policy, shall be paid to mortgagees, Schlitz Brewing Company and Van Dyke or trustee, as interest may appear."   The first clause of the provision of the policy quoted in the statement of facts is "that this entire policy shall be void if . . . the interest of the insured be other than unconditional and sole ownership."   This court held several years ago that where the insured was in possession of land under a contract for its purchase, upon which he had made part payment and was not in default, his interest in the property was "the entire, unconditional, and sole ownership."   *Johannes v. Stand-*

*ard Fire Office,* 70 Wis. 196, 35 N. W. 298. To the same effect, *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627, 48 N. W. 798; *Carey v. Liverpool & L. & G. Ins. Co.* 92 Wis. 538, 66 N. W. 693; *Davis v. Pioneer F. Co.* 102 Wis. 394, 78 N. W. 596. We must hold that at the time of making the contract of insurance the plaintiff was the unconditional and sole owner of the property, within the meaning of the policy.

2. The more serious question is whether the policy was forfeited by reason of a violation of the other clause of the provision of the policy quoted, to the effect that the entire policy should be void "if any change" should take place "in the *interest,* title, or possession" of the property, "whether by legal judgment or process or by voluntary act of the insured or otherwise." The answer denies "that the plaintiff owned or had any interest in the buildings or premises mentioned in said complaint at the time of the *happening of said loss.*" That is the particular question litigated upon the trial. The motion for a nonsuit was based upon a supposed change "in the interest, title, or possession" of the property after the making of the contract of insurance, and before the fire. The defendant proved, and the court found, and it is undisputed, that June 28, 1900, some four months prior to the fire, the plaintiff and his wife executed and delivered to the Jos. Schlitz Brewing Company a conveyance of the premises in the form of a warranty deed, which was recorded July 9, 1900. The trial court found that the deed was so given "as security on an open account." It is undisputed that the deed was so given as security, and that at the time of its delivery the Jos. Schlitz Brewing Company gave back to the plaintiff a writing, of which the following is a copy, omitting the description and signatures: "We hereby acknowledge the receipt of the warranty deed of . . . , which we are to hold as collateral security to guarantee the payment of an account of *M. J. Wolf,* and we agree to deed back this property upon said *M. J. Wolf* meeting all his obligations

to us." It also appears from the evidence that between the time of the delivery of the deed and the fire the running account was constantly changing, the lowest amount at any time being $1,182.78, and the highest amount being $1,839.45. The trial court held, as a conclusion of law, that the deed from the plaintiff to the Joseph Schlitz Brewing Company "was a mortgage, and did not invalidate" the policy.

The defendant contends that the written agreement of the Brewing Company to hold the deed "as collateral security" for "the payment of an account" of the plaintiff and "to deed back" the property to the plaintiff upon his payment of his account, not being recorded, was improperly received in evidence, and therefore should not be considered as supporting the findings. In support of such contention, counsel rely upon sec. 2243, Stats. 1898. That section is contained in the chapter entitled "Of Alienation by Deed, and the Proof and Recording of Instruments Affecting Title to Land." It was manifestly intended to protect subsequent *bona fide* purchasers of real estate for value, as prescribed in the two sections of the statute immediately preceding, against such unrecorded defeasance. In construing a statute, regard is to be had to the purpose of the enactment. *Harrington v. Smith,* 28 Wis. 43; *Wisconsin Ind. School v. Clark Co.* 103 Wis. 651, 79 N. W. 422. The defendant was not a purchaser of the premises insured in any sense.

If the conveyance avoided the policy, it must be by virtue of a change "in the interest, title, or possession of the" property insured, in violation of the forfeiture clause in the policy. The giving of the deed and taking back the defeasance was nothing more nor less than a mortgage. Did the mere giving of the mortgage constitute such change? This court held several years ago that an execution sale of real estate is in itself no ground of forfeiture under the condition in a policy which provides for the immediate termination of

the risk, "if the property be sold or transferred, or any aliena-
tion or change take place in the *title or possession,* whether
by legal process or judicial decree, or voluntary transfer or
conveyance." *Hammel v. Queen's Ins. Co.* 54 Wis. 72, 11
N. W. 349. So it has frequently been held that a mortgage
upon real estate does not constitute a change in the title or
possession of the premises, within the meaning of such a
clause in the policy. *Commercial Ins. Co. v. Spankneble,* 52
Ill. 53; *Hartford F. Ins. Co. v. Walsh,* 54 Ill. 164; *German
Ins. Co. v. Gibe,* 162 Ill. 251, 44 N. E. 490; *Nease v. Ætna
Ins. Co.* 32 W. Va. 283, 9 S. E 233; *Barry v. Hamburg-
Bremen F. Ins. Co.* 110 N. Y. 1, 17 N. E. 405; *Bank of
Glasco v. Springfield F. & M. Ins. Co.* 5 Kan. App. 388, 49
Pac. 329.

But it is contended that, although the mortgage did not
operate to change the title or possession, nevertheless that it
did operate to change "the interest" of the plaintiff in the
property. At first blush there would seem to be some plau-
sibility in the contention. But it is to be remembered that in
this and most of the states a mortgage is a mere lien or se-
curity. *Slaughter v. Bernards,* 97 Wis. 184, 72 N. W. 977;
*Cumps v. Kiyo,* 104 Wis. 656, 80 N. W. 937. In this last
case the mortgage consisted of a deed absolute in form with
a defeasance back, as here. We are not aware that the pre-
cise question here presented has been determined in this
court. In Ohio, under a clause in the policy substantially
like the one in question, it was held that the giving of a mort-
gage did not avoid the policy, and that "the words 'title' or
'possession,' as here used, mean an actual change in law and
equity, and the word 'interest' means a change in the insur-
able interest of the owner of the property, neither of which is
affected by the execution of a mortgage." *Sun Fire Office v.
Clark,* 53 Ohio St. 414, 42 N. E. 248. In that case, as here,
the mortgage was in the form of a deed absolute, with a de-
feasance. So it has been held in Texas that "the execution

of a mortgage on the real estate on which the building insured is situated is not a change of interest within the meaning of the condition in a policy declaring the policy forfeited 'if any change other than the death of the insured take place in the *interest,* title, or possession of the subject of the insurance.' " *Lampasas H. & P. Co. v. Phœnix Ins. Co.* (Tex. Civ. App.) 38 S. W. 361; *Lampasas H. & P. Co. v. Home Ins. Co.* 17 Tex. Civ. App. 615, 43 S. W. 1081. It will be observed that the language of the forfeiture clause in the policy in that case was the same as in this. The same is true of the case of *Peck v. Girard F. & M. Ins. Co.* 16 Utah, 121, 51 Pac. 255, where the deed was absolute in form, but given to secure the payment of a debt. We must hold that the giving of the mortgage did not operate to change the "interest, title, or possession" in the property insured, within the meaning of the policy.

*By the Court.*—The judgment of the circuit court is affirmed.