## WILL OF JACOBS.

*April 22—May 11, 1909.*

*Appeal and error: Harmless error: Erroneous admission or rejection of evidence: Conclusiveness of findings.*

1. In a case tried by the court there can be no reversal because of the improper admission of evidence.
2. Findings of fact supported by competent evidence and not opposed to a clear preponderance thereof will not be disturbed on appeal.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The appeal is from judgment admitting to probate a lost or destroyed will. The evidence tended to disclose that E. F. Jacobs died October 31, 1904, leaving his widow, the contestant, as only heir at law, but also leaving him surviving the proponent of the will, *John H. Jacobs,* or Koch, and the lat-

ter's sister, Annie Jacobs, wife of a brother of the deceased, who had been taken into the testator's family as children and reared by him, but not legally adopted; that the decedent in his last illness and a few days before his death handed the contestant an envelope understood to contain his will, of which he had frequently made mention; that she put it in a satchel, and after the death made diligent search, but was unable to find the same; that deceased was incapable from the time of such delivery of gaining access to such paper without assistance; that on August 26, 1889, said decedent duly executed a will giving all of his property to his widow for life, and after her death to *John H. Jacobs* and Annie Jacobs, in certain contingencies; that a will was found recorded in the office of the register of deeds which corresponded in appearance and contents with the will so executed; and that decedent had at various times thereafter referred in general terms to having made such disposition of his property. The court found as facts the execution of such will, and that the same had never been revoked or canceled, and had either been lost or destroyed, by accident or design, and not by the act of the decedent. The appeal is brought by *Louisa Maria Jacobs,* the widow.

*G. M. Perry,* for the appellant.

*James A. Stone,* for the respondent.

DODGE, J. 'The appellant presents nineteen assignments of error, fourteen of which are upon admission of various items of evidence, for which, in a case tried to the court, there can be no reversal. *Wolf v. Theresa V. Mut. F. Ins. Co.* 115 Wis. 402, 405, 91 N. W. 1014; *Harrigan v. Gilchrist,* 121 Wis. 127, 314, 99 N. W. 909; *Currie v. Michie,* 123 Wis. 120, 127, 101 N. W. 370. Such assignments are necessarily frivolous and improper.

The only other assignments of error which are specific enough to be considered merely raise the question whether the

court's findings as to the execution and contents of the will and its subsequent loss or destruction, otherwise than by the testator's own act, can be sustained. Upon careful examination we are satisfied that all the material findings have support by competent evidence and that there is no clear preponderance opposed to any of them.

*By the Court.*—Judgment affirmed.