## LAMPASAS HOTEL AND PARK COMPANY v. THE HOME INSURANCE COMPANY.

Delivered December 22, 1897.

**Fire Insurance—Cancellation of Policy—Tender.**

Although the sending of a draft for the amount of an unearned premium may not be such a payment or tender as the insured is entitled to have before the cancellation of his policy, it will be deemed sufficient where the insured, who is familiar with what is essential to effect a cancellation, treats it as having that effect.

ERROR from Harris. Tried below before Hon. S. H. BRASHEAR.

*Hutcheson, Campbell & Sears*, for plaintiff in error.—1. The facts claimed by defendant in error to have effected the cancellation of this policy fall far short of it. Ins. Co. v. Balto, 47 Ill., 516; Ins. Co. v. Keating, 46 Ill., 395; Ins. jCo. v. Curtis, 32 Mich., 402; Latin v. Royal, 45 N. J. L., 423.

2. The notice was not unequivocal, but was tentative and insufficient. Lyman v. Ins. Co., 14 Allen, 329; Griffy v. Ins. Co., 100 N. Y., 417; Ins. Co. v. Manhattan, 66 Ga., 446; Wood on Fire Ins., sec. 106; May on Ins., secs. 67, 574; Richards on Ins., p. 173, sec. 157; Ostrander on Ins., 2 ed., p. 67, sec. 20; 1 White & W. Con. Cases, sec. 758; Ins. Co. v. Flippin, 23 S. W. Rep., 551; Griffy v. Ins. Co., 100 N. Y., 417; Bennett v. Ins. Co., 115 Mass., 241; Littman v. Niagara, 121 N. Y., 454; Mullin v. Ins. Co., 87 Pa. St., 399; Ins. Co. v. McGuire, 51 Ill., 342; Ins. Co. v. Balto, 47 Ill., 516; Ins. Co. v. Keating, 46 Ill., 395; White v. Ins. Co., 120 Mass., 320; Latin v. Royal, 45 N. J. L., 423; Ins. Co. v. Curtis, 32 Mich., 402.

3. The notice was not sufficient. Lyman v. Ins. Co., 14 Allen, 329; Griffy v. Ins. Co., 100 N. Y., 417; Ins. Co. v. Manhattan, 66 Ga., 446.

*William Thompson*, for defendant in error.—1. Where the language of a contract specifies that either party thereto may cancel the same upon notice to the other party of its desire to cancel, the giving of such notice in and of itself effects such cancellation. McKinnon v. Springfield, 59 Texas, 507; Walthier v. Ins. Co., 37 N. Y. Sup., 857.

2. If, under the terms of the contract, it were necessary to make a tender of the premium unearned under the policy, the sending of the draft on New York under the custom of dealing usual with the parties was sufficient tender. Stone v. Franklin, 105 N. Y., 543; 12 N. E. Rep., 45; Crown Point v. Aetna, 127 N. Y., 608; 28 N. E. Rep., 653.

JAMES, CHIEF JUSTICE.—The agent of defendant in error on January 25, 1895, wrote the following letter to the secretary of plaintiff in error at Houston, Texas:

"LAMPASAS, TEXAS, January 25, 1895.
"*B. F. Weems, Secretary Park Company, Houston, Texas:*
"DEAR SIR.—The Home Insurance Company of New York is with-

drawing from Lampasas, Texas, and you have policy No. 292 for $2000 upon the Park Hotel, signed by me on August 16, 1894, running for one year. Now, I inclose you herewith my draft upon the company in your favor for $45.38, the return premium due you under the policy up to January 22, 1895, which you will please attach to the policy after filling in, signing the cancellation receipt on back of policy for the amount, and forward same to the company for collection direct. I have issued another policy in a different company for $2000, and will hold same till it is approved by the company, and will then send same to you.

"Yours very truly,
"W. R. YOUNG, Agent."

The draft accompanied the letter. There is evidence of the following facts: That Weems was in the insurance business, and received the above letter and draft a day or two after its date. He did not forward the draft for collection, and did not return it or the policy to Young, nor did he make any reply to the letter. He still holds the draft. By the terms of the policy the company had the right to cancel it by giving five days notice of such cancellation, the company retaining the pro rata premium. The policy was of the New York standard form. The fire occurred on February 10, 1895. In Weems' testimony he states that the letter went on to say that the writer had written another policy in lieu of this one, which he would hold until approved by the company and then send it to witness; that this left witness in doubt as to the amount of insurance the company held on the building and the amount necessary for him to procure, and that he, after receiving Young's letter, endeavored through agents at Houston, or possibly elsewhere, to place insurance on the property.

The above testimony we think would warrant the conclusion that Young regarded the policy as canceled. If he did not regard it as canceled, or if he was not satisfied with the form in which the unearned premium was sent him, being an insurance agent himself and presumably aware of what was a proper tender to effect a cancellation, why was it that the letter of Young left him in doubt as to the amount of insurance he held on the property? And why should he go in quest of other insurance after receiving the letter?

We will assume that sending a draft was not such a payment or tender of the unearned premium as the insured was entitled to have made to it; still it should be deemed sufficient when it appears that the insured treated it as having the effect of canceling the policy, which involves the fact that he was content with this mode of payment; and particularly should this be so when the person to whom the payment is tendered is in a position that makes him familiar with what is essential to effect a cancellation. This is supported by the views expressed in Hopkins v. Insurance Company, 43 Northwestern Reporter, 197.

We think that the District Judge may, under the testimony, have properly concluded that Weems was satisfied with such payment and re-

ceived and treated it as sufficient to accomplish the purpose announced by the insured, and that he in fact treated the policy as at an end by reason of the letter and draft; therefore there was no error in rendering judgment for the defendant.

This conclusion makes it unnecessary for us to consider the other question discussed in the brief of plaintiff in error.

*Affirmed.*

Writ of error denied.