## NIAGARA FIRE INS. CO. v. MITCHELL.

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1914. Rehearing Denied March 18, 1914.)

1. INSURANCE (§ 230*)—CANCELLATION — RETURN OF UNEARNED PREMIUMS—NECESSITY.

Under a provision of a fire insurance policy authorizing cancellation of the policy by the company at any time by giving notice, and providing that the unearned premium should be returned, a legal tender of the amount of the unearned premiums, unless waived by the insured, is essential to a valid cancellation; the notice without the tender not being sufficient.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. § 230.*]

2. INSURANCE (§ 230*)—CANCELLATION — REPAYMENT OF UNEARNED PREMIUMS.

A fire policy authorized the cancellation by the insurer at any time upon notice, and provided that the unearned premium should be returned. An agent of the insurer notified the insured of the intention to cancel the policy, and tendered a check for the unearned premium, which was refused by the insured, on the ground that he wanted the money. Later the company mailed a notice and inclosed an express money order, which was not replied to by the insured, and he retained the money order until after the property burned, when it was returned to the company by his attorney. Held, that there was no waiver by the insured of his right under the policy to receive legal tender for the unearned premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 509–512; Dec. Dig. § 230.*]

Appeal from Hidalgo County Court; James H. Edwards, Judge.

Action by T. W. Mitchell against the Niagara Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Crane & Crane, of Dallas, for appellant. Alexander Wheless, of Mercedes, and Rich & Searle, of Brownsville, for appellee.

FLY, C. J. Appellee sued appellant to recover on a fire insurance policy for $1,000, of which sum $500 was on a one-story frame building, and the other $500 on a store, office furniture, and fixtures, and recovered judgment for the amount sued for. The property was consumed by fire on April 7, 1913. On March 15, 1913, the agent of ap-

pellant told appellee that his principal had ordered him to cancel the policy, and tendered him a check for the unearned premium. Appellee refused the check, and told the agent he would not accept a check for the unearned premium. On March 21st appellee received a letter from Trezevant & Cochran, of Dallas, general agents of appellant, giving notice of the cancellation of the policy, and inclosing an express money order for the unearned premium. That express order was retained by appellee until after the fire, when it was returned by appellee's attorney to the makers thereof. The letter was not answered.

[1] The policy provided that it "shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation." In another sentence, immediately following the foregoing sentence, provision is made for the return of the unearned premium "on surrender of this policy or last renewal." It is the contention of appellant that under the terms of the policy the notice cancels the policy, although not accompanied with a legal tender of the unearned portion. The contrary has recently been held by this court. Polemanakos v. Insurance Co., 160 S. W. 1134. In that case it was held that, "unless waived, the repayment of the proper proportion of the premium is essential to a valid cancellation and notice without such repayment, or a tender of the amount is ineffectual." A long list of authorities was cited. It is stated in that opinion that there were three federal court decisions, a New Jersey case, an Ohio case, and an Illinois case, to which may be added an Iowa case, cited by appellant, that stated a contrary rule; but the overwhelming weight of authority sustains the decision of this court. The Texas cases are in accord with it. Phœnix Assurance Co. v. Manufacturing Co., 92 Tex. 297, 49 S. W. 222; Fire Ins. Co. v. Cameron, 18 Tex. Civ. App. 237, 45 S. W. 158.

[2] Another contention of appellant is that the retention by appellee of the express order, without notifying appellant that he would not accept anything but money in payment of the unearned premium, estopped him from claiming that there was no legal tender of the unearned premium. We do not think the proposition sound. When a check was offered to appellee by the agent at the time the first notice was given, he told the agent that he would not accept any check in payment of the unearned premium, not because the check was not good, but because he wanted the money. No tender of money was made. The facts of this case easily distinguish it from the case of Lampasas Hotel Co. v. Insurance Co., 17 Tex. Civ. App. 615, 43 S. W. 1081, decided by this court. In that case there was no objection to the check, and the insured treated the cancellation as an accom-

plished fact, and it was held that a legal tender had been waived. The insured was in the insurance business, and fully acquainted with the terms of the policy in regard to cancellations. There is nothing in this case evidencing the waiver of a legal tender, unless it was the retention of the express order until after the fire, and we do not think that was sufficient to show a waiver, when appellee had distinctly informed appellant that he would not accept any check for the unearned premium. Appellee did not consider that his policy was canceled. There must be a meeting of the minds of insurer and insured as to the fact of cancellation of the policy in order to create a waiver of actual tender of the unearned premium. Appellee at no time admitted by word or act that the policy was canceled. There was no actual return or tender of the proportionate part of the premium, and there was no waiver of such return or tender.

The judgment is affirmed.