STARK, Appellant, vs. DUHRING and another, Respondents.

*October 8—October 26, 1909.*

*Appeal: Assigments of error: Immaterial errors: Evidence: pleading: Counterclaim: Waiver of objections: Boundaries: Adverse possession.*

1. Assignments of error that the court erred in the admission of evidence, in the rejection of evidence, in its findings of fact, in conclusions of law, and in not finding that defendants committed the trespass alleged in the complaint, are inadequate because too general.

2. Upon a trial by the court, errors in the admission of evidence are not material if the findings are supported by other evidence properly admitted.

3. The objection that certain counterclaims could not properly be pleaded in the action was waived by failure to demur or reply to them.

4. In an action involving the location of a boundary line, evidence of adverse possession is admissible as tending to show the true location of the disputed line.

APPEAL from a judgment of the circuit court for Dodge county: GEORGE GRIMM, Judge. *Affirmed.*

*J. E. Malone,* for the appellant.

For the respondents there was a brief by *Kading & Kading,* and oral argument by *C. A. Kading.*

TIMLIN, J.    This action for trespass *quare clausum* committed November 24, 1906, on the southwest quarter of the northeast quarter of section 21, town 9, range 16 east, was brought in justice's court. The defendants answered separately, each claiming that the acts complained of as trespasses were done on the northwest quarter of the southeast quarter of the same section, which was the land of the defendant *William Duhring, Jr.,* and not upon plaintiff's land, and *William Duhring, Jr.,* by way of counterclaim averred trespasses committed by the plaintiff on the last-mentioned land on October 17, 1905, and at other times, and prayed for damages against the plaintiff. Claim was made that the title of the land was in question, a bond given, and the cause certified to the county court of Dodge county, and thence removed by stipulation to the circuit court for the same county, where a jury trial was apparently waived and the cause tried. There was no demurrer or reply to the counterclaims, but the parties went to trial on the merits and treated the counterclaims as at issue. Findings of fact and conclusions of law were made and filed in which the court found, in substance, that the case was one of disputed boundary and the true boundary was as claimed by defendants, and consequently that the defendants did not trespass on plaintiff's land, but plaintiff trespassed on defendants' land.

Error is assigned (1) in the admission of evidence; (2) in the rejection of evidence; (3) "the court erred in its findings. of fact found;" (4) in conclusions of law; (5) in not finding that defendants committed the trespass set forth in the complaint. These are very inadequate assignments of error because too general; the third and fourth going in very general terms to the whole merits of the controversy. They do not help more to point out the error complained of than if the appellant merely said: "The judgment is wrong." Appellant evidently does not rely very seriously upon the first two assignments of error, for, besides referring to the page of the printed case where found, he merely says: "We contend that the motion to strike out testimony of *William Duhring, Jr.,* should have been granted; . . . also that objections to admission of testimony on the same page should be sustained; also the same on page 27." No further argument and no citation of authority. The case having been tried without a jury and there being other evidence to support the findings, appellant was not prejudiced by any such ruling. *Wolf v. Theresa Village Mut. F. Ins. Co.* 115 Wis. 402, 91 N. W. 1014. Under some or all of the foregoing assignments of error the appellant presents that no. such counterclaims could be properly pleaded in this action, and this constitutes the principal argument on appeal. But this objection, if it could be considered good, is waived by failure to raise it by demurrer or reply to the counterclaim. Secs. 2658, 2660, Stats. (1898). On the merits we think the case presented questions of fact relative to the true location of the disputed boundary. There is evidence to support the findings.

The evidence which appellant objects to as proof of adverse possession is not considered by the court for any other purpose than to establish, or tend to establish, the true location of the disputed boundary line. No other use is made of it, for the court finds that this land was not a part of

plaintiff's subdivision, but lay to the south of such subdivision and was part of the subdivision owned by *Duhring, Jr.* The latter did not need any adverse possession to hold his own land against the plaintiff, and the question of adverse possession is not in the case at all except so far as it constitutes an item of evidence tending to show the true location of the boundary line. We perceive no error in anything complained of by appellant.

*By the Court.*—The judgment of the circuit court is affirmed.