A. & S. WILSON COMPANY, Appellant, vs. MATTHEWS BROTH-
ERS MANUFACTURING COMPANY, Respondent.

*October 4—October 24, 1916.*

*Corporations: Dividends: Rescission: Findings of fact: Evidence:
Competency: Transaction with person since deceased: Appeal:
Harmless error.*

1. In an action by one corporation to recover from another certain
   dividends declared by the latter at a time when plaintiff owned
   all of its stock, findings of the court that, with plaintiff's con-
   sent, such dividends had been rescinded and the amount thereof
   transferred to the account of undivided earnings, to remain as
   an asset of the defendant, are *held* to be supported by the evi-
   dence.
[2. Whether testimony of defendant's president that plaintiff's pres-
   ident (since deceased) agreed to such transfer from the dividend
   account to undivided earnings account, was incompetent under
   sec. 4069, Stats., and if so whether it was properly objected to,
   not decided.]
3. Where a finding by the court is supported by competent evidence,
   the admission of incompetent evidence on the subject is not suf-
   ficient to work a reversal of a judgment based on such finding.

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought by plaintiff, a Pennsylvania cor-
poration, against the defendant, a Wisconsin corporation, to
recover dividends claimed to have been declared. The action
was tried by the court without a jury, and the court found
that prior to November 6, 1903, plaintiff purchased all the
shares of capital stock of the defendant and had the same
transferred to it on defendant's books; that thereupon plaint-
iff procured the election of some of its officers and agents as
directors and officers of defendant and through them con-
trolled its business affairs; that the directors of defendant for
1904 and 1905 were Frank Abbott, A. F. Vogel, A. J. Schutz,
Adam Wilson, and J. C. Wilson; that to these were added
L. F. Crosby and J. C. Schreiner, and with these additions.

those persons constituted the board of directors of the defendant until about June 20, 1911; that from 1904 to 1911 Frank Abbott was president, A. F. Vogel was treasurer, and A. J. Schutz secretary of said defendant company; that the directors of plaintiff for 1904 were W. L. Abbott, John Schreiner, J. C. Schreiner, A. J. Schutz, Adam Wilson, and J. C. Wilson, and in 1905 the directors of plaintiff were the same persons with the exception of the substitution of W. P. Clyde for John Schreiner; that in 1906 Frank Abbott and A. F. Vogel were added, and said board of directors then continued the same in 1907 and 1908 except in the latter year John Deuar took the place of Frank Abbott; that in 1909 and 1910 the board consisted of Adam Wilson, J. C. Wilson, John Schreiner, J. C. Schreiner, A. J. Schutz, W. L. Abbott, John Deuar, A. F. Vogel, and Charles McKnight; and that during all of the time from 1904 to 1911 Adam Wilson was president and A. J. Schutz treasurer of plaintiff; that on November 6, 1903, defendant declared a $10,000 dividend out of its net earnings for the year 1903, which was credited upon its books to the account of plaintiff; that defendant on August 16, 1904, paid $5,000 to plaintiff on account of said dividend, and on February 4, 1905, $2,645.73, leaving a balance owing plaintiff on said dividend account of $2,354.27; that on November 23, 1904, defendant declared a dividend of $39,645.73 which was credited on its books to the account of plaintiff; that prior to November 18, 1905, defendant was unable to obtain loans without indorsement by defendant's president, Frank Abbott, and he refused to indorse unless credit to plaintiff on account of dividends declared and remaining unpaid were rescinded as a liability of defendant; that thereupon a resolution was adopted with the approval of the agents and officers of plaintiff as follows: "The books were examined and approved showing earnings from November 1, 1904, to November 1, 1905, of $27,618.42. On motion of A. F. Vogel, seconded by Adam Wilson, this amount

($27,618.42), together with the dividend account of $42,000, were ordered to be transferred to an account to be titled 'Undivided Earnings;' " that pursuant to said resolution said credit of $42,000 was rescinded and transferred on the books of defendant from the account of the plaintiff as a credit thereon to a new account which was entitled "Undivided Earnings," and said amount was thereafter considered as undivided earnings of defendant; that at the time of said rescission and transfer Adam Wilson and A. J. Schutz, individually and as president and treasurer of plaintiff, had knowledge that said credit of $42,000 had been so rescinded and transferred; that thereafter annually statements of defendant's accounts, which included the amount of said credit in the "Undivided Earnings" account and omitted to show any credit to the plaintiff to the extent of said item of $42,000, were submitted at annual meetings of the stockholders of the defendant and were approved by plaintiff as sole stockholder of defendant, and that neither the plaintiff nor its officers or stockholders at any time objected to or disapproved of the manner in which said credit of $42,000 had been rescinded and discharged upon the books of the company; that about November 22, 1906, the net earnings of defendant during the fiscal year 1906, amounting to $10,986.87, were transferred to the "Undivided Earnings" account; that about November 21, 1907, the net earnings during the fiscal year 1907, amounting to $34,602.34, were transferred upon the books of the defendant to "Profit and Loss" account and then transferred to the "Undivided Earnings" account; that about November 18, 1908, the net earnings of defendant during the fiscal year 1908, amounting to $18,472.55, were transferred upon the books of defendant to "Profit and Loss" account and from that account to "Undivided Earnings" account; that on or about November 17, 1909, the net earnings of said defendant during the fiscal year 1909, amounting to $8,882.27, were transferred to "Profit and Loss" account and from that

account to "Undivided Earnings" account upon the books of defendant; that about May 31, 1911, the net earnings of said defendant during the fiscal year 1910, amounting to $7,725.34, were transferred upon the books of defendant to the "Profit and Loss" account and from that account to "Undivided Earnings" account; that from May 31, 1911, to June 30, 1911, there appeared upon the defendant's books in said "Undivided Earnings" account a credit balance amounting to $83,735.62, no part of which has ever been paid to plaintiff; that at all times after November 18, 1905, plaintiff and defendant treated the $42,000 credit which had been rescinded and transferred to "Undivided Earnings" account, together with the earnings during 1906, 1907, 1908, and 1909, which had been' transferred to "Undivided Earnings" account, as undivided earnings or net profits of defendant applicable to the payment of dividends; that the dividends declared were as follows: November 20, 1907, $37,500, which was a dividend of thirty-seven and one-half per cent. on the capital stock of defendant; November 18, 1908, $19,052.25; November 19, 1909, $10,000; that except for said dividends declared November 20, 1907, November 18, 1908, and November 19, 1909, no dividends were declared by defendant after the transfer of the credit of $42,000 until July 6, 1911; that the dividend of November 20, 1907, was discharged by paying indebtedness due from plaintiff to defendant and paying the balance to the plaintiff; that the dividend of November 18, 1908, was discharged by defendant by four payments of $2,410.62 each to plaintiff as an advancement on account and in anticipation of a dividend to be declared and by giving plaintiff credit for balance of dividend remaining unpaid; that the dividend of November 19, 1909, was fully discharged by making four payments of $2,410.62 each as an advancement on account and in anticipation of dividend to be declared for the year 1909 and by giving plaintiff credit for balance of dividend, $375.52; that no payment had been made

156    SUPREME COURT OF WISCONSIN.    [Oct.

A. & S. Wilson Co. v. Matthews Brothers Mfg. Co. 164 Wis. 152.

to plaintiff within six years prior to the commencement of this action on account of the credit balance of $42,000; that on July 1, 1910, a receiver of the assets of the plaintiff was appointed in the Pennsylvania court; that on June 20, 1911, said receiver sold all shares of the capital stock of the defendant, together with other assets of plaintiff, to W. L. Abbott, John Schreiner, and Charles McKnight, who purchased said stock pursuant to an arrangement with and for the benefit of Frank Abbott; that said receiver intended to sell and the purchasers intended to buy said shares of the capital stock on the basis of assets and liabilities of the defendant as shown by statements and audits and unincumbered by any obligation of defendant to plaintiff; that upon consummation of said sale of capital stock the mutual accounts existing between plaintiff and defendant were stated by and between the receiver and defendant, and the sum of $4,667.68 found to be owing by plaintiff to defendant, and said receiver on June 30, 1911, paid said sum to defendant in full settlement and discharge of all accounts and demands between plaintiff and defendant; that the sale by said receiver was authorized and approved by the court, and that it was within the scope of the authority of the receiver to state the accounts existing between the plaintiff and defendant and to pay said amount found due to defendant in full settlement of all demands existing between the parties; that the receiver was discharged May 17, 1912, and all assets which formerly belonged to the plaintiff remaining in his hands at the time of discharge were transferred to plaintiff; that on June 30, 1911, the defendant transferred the item of $83,735, which was balance on that day in "Undivided Earnings" account, to the "Surplus" account on the books, and also transferred an item of $2,000 from its "Profit and Loss" account, for an amount which it had received on May 10, 1910, on account of a contract which had been completed in the year 1907, to its "Surplus" account; that on July 6, 1911, defendant increased its capital stock $50,000

and issued shares to its stockholders to that extent, which shares were paid for by applying $50,000 of the accumulated balance in said "Surplus" account in payment thereof.

The court concluded that to the extent of the sum of $42,000, dividends which had been declared by defendant and which had been payable to plaintiff prior to November 18, 1905, were rescinded on said date, and plaintiff was estopped to deny that said dividends had been rescinded with its consent and that all rights to payment thereof to plaintiff had been waived and discharged; that the cause of action to recover said sum of $42,000 on account of dividends declared and payable to plaintiff prior to November 18, 1905, was at the time of the commencement of this action barred by the statute of limitations; that the defendant is in no manner whatsoever indebted to plaintiff, and is entitled to judgment dismissing plaintiff's complaint with costs and disbursements.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, and oral argument by *J. V. Quarles.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Douglass Van Dyke.*

KERWIN, J.    The findings of fact give a complete history of the case and basis of the recovery below.

The real controversy on the trial was whether certain alleged dividends declared had been rescinded and the amount thereof returned to the defendant as undivided earnings. The court found in favor of the defendant, and the findings appear to be well sustained by the evidence, and support the judgment.    No useful purpose would be served by a discussion of the evidence.

1. Error is assigned on the admission of evidence.    In reply to a question asked Mr. Abbott he was required to answer under objection that Mr. Wilson, deceased, agreed to

transfer from dividend account to undivided earnings account and allow the dividend transferred to remain as an asset of the defendant. It is insisted by appellant that this evidence was not admissible under sec. 4069, Stats. On the part of respondent it is argued that the evidence was never properly objected to, that it was competent, and, if not, it was not prejudicial. Whether the evidence was competent or properly objected to we do not decide. There was other competent evidence to support the finding, therefore the evidence complained of, even if incompetent and properly objected to, cannot be successfully urged as sufficient to disturb the judgment. *Stark v. Duhring,* 140 Wis. 521, 122 N. W. 1131; *Currie v. Michie,* 123 Wis. 120, 101 N. W. 370; *Hannah v. Knuth,* 161 Wis. 467, 154 N. W. 985.

2. It is also argued by the respondent that even if the $42,000 remained a dividend and was not rescinded and turned into the surplus of the corporation as assets, still such claim was barred by the statute of limitations. We need not pass upon that proposition because, as before observed, the findings are supported by the evidence and establish that the $42,000 dividend declared was canceled and the amount thereof thereafter regarded by all parties interested as assets of the defendant.

Some other questions are raised on this appeal by counsel on both sides, but it is unnecessary to treat them.

We find no prejudicial error in the record and are satisfied that the judgment below is right and should be affirmed.

*By the Court.*—Judgment affirmed.